# 14-826-cv(L)

**14-832-cv(Con)**

# United States Court of Appeals
### *for the*
# Second Circuit

CHEVRON CORPORATION,

*Plaintiff-Appellee,*

- v. -

STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOC. PLLC, HUGO GERARDO CAMACHO NARANJO, AND JAVIER PIAGUAJE PAYAGUAJE,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**CHEVRON CORPORATION'S OPPOSITION TO MOTIONS BY
AMAZON WATCH ET AL. (DKT. 110), RICHARD JANDA ET AL.
(DKT. 118), AND THE PROPOSED HUAORANI INTERVENORS
(DKT. 106) FOR LEAVE TO FILE *AMICUS CURIAE* BRIEFS**

GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Plaintiff-Appellee*
*Chevron Corporation*
200 Park Avenue
New York, New York 10166
(212) 351-4000

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................2

    I.    Having Failed to Appeal the Denial of Intervention, the
        Huaorani  Cannot Now Challenge the District Court's Remedy .........2

    II.    Janda Improperly Seeks to Raise New Issues Concerning the
        Nature of Appellate Review in Ecuador, Which the Parties
        Have Waived ........................................................................................4

    III.    Amazon Watch Improperly Seeks to Raise Irrelevant First
        Amendment and Related Challenges ...................................................7

CONCLUSION ..................................................................................................14

i

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## Cases

*Bano v. Union Carbide Corp.*,
  273 F.3d 120 (2d Cir. 2001) .................................................................8

*Bridgeport Guardians, Inc. v. Delmonte*,
  602 F.3d 469 (2d Cir. 2010) ................................................................2

*Cable Telecom., Inc. v. TCI Cablevision, Inc.*,
  800 F.2d 711 (8th Cir. 1986) ..............................................................10

*Cal. Motor Transp. v. Trucking Unlimited*,
  404 U.S. 508, 92 S. Ct. 609 (1972) ....................................................10

*Chevron Corp. v. Donziger*,
  974 F. Supp. 2d 362 (S.D.N.Y. 2014) ........................................ 4, 7, 9, 10

*Fed. Prescription Serv. Inc. v. Am. Pharm. Ass'n*,
  663 F.2d 253 (D.C. Cir. 1981)............................................................10

*Illinois v. Telemarketing Assocs.*,
  538 U.S. 600, 123 S. Ct. 1829 (2003) ..................................................4

*Lemon v. Kurtzman*,
  411 U.S. 192, 93 S. Ct. 1463, 1469 (1973) ..........................................4

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
  471 F.3d 377 (2d Cir. 2006) ................................................................3

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
  673 F.3d 84 (2d Cir. 2012) .................................................................7

*Olmstead v. Pruco Life Ins. Co.*,
  283 F.3d 429 (2d Cir. 2002) ................................................................8

*Riverkeeper, Inc. v. Collins*,
  359 F.3d 156 (2d Cir. 2004) ................................................................8

*Sony Corp. of Am. v. Universal City Studios*, *Inc.*,
  464 U.S. 417, 104 S. Ct. 774 (1984) ....................................................3

*Tiffany (NJ) Inc. v. eBay Inc.*,
  600 F.3d 93 (2d Cir. 2010) .................................................................3

*Tolbert v. Queens Coll.*,
  242 F.3d 58 (2d Cir. 2001) .................................................................7

*United States v. Alvarez*,
  132 S. Ct. 2537 (2012) ....................................................................10

*United States v. Boyd*,
  231 F. App'x 314 (5th Cir. 2007)..........................................................5

**TABLE OF AUTHORITIES**
(continued)

Page

*United States v. City of Oakland*,
  958 F.2d 300 (9th Cir. 1992) ..................................................................3

*Universal City Studios, Inc. v. Corley*,
  273 F.3d 429 (2d Cir. 2001) ...............................................................1, 7

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) ...................................................................7

*Zango Inc. v. Kaspersky Lab, Inc.*,
  568 F.3d 1169 (9th Cir. 2009) ...............................................................8

**Other Authorities**
16A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction §
  3975.1 (3d ed. 1999) ...........................................................................8

**Rules**
Fed. R. App. P. 29(b) ...................................................................................7

# PRELIMINARY STATEMENT

Chevron Corporation ("Chevron") opposes the motions of non-parties Amazon Watch (Dkt. 110), Richard Janda, Juan C. Pinto, and Caroline Cruz Vinaccia (collectively, "Janda") (Dkt. 118), and the Huaorani (Dkt. 106), each of which seeks permission to file *amicus curiae* briefs in support of Defendants.  The Court should reject these proposed *amici*'s improper attempts to raise issues not advanced by the parties on appeal, or to support the Defendants on issues they waived by never raising below.  *See, e.g.*, *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 445 (2d Cir. 2001) ("Although an *amicus* brief can be helpful in elaborating issues properly presented by the parties, it is normally not a method for injecting new issues into an appeal, at least in cases where the parties are competently represented by counsel.").

The Huaorani purport to challenge the relief the district court awarded because it supposedly does not include a "carve out" to protect their interests.  But the Huaorani attempted to intervene below, all parties opposed the intervention, and the district court denied it in January 2013.  The Huaorani failed to timely appeal and cannot now challenge the relief the court awarded below under the guise of an *amicus* filing.

Janda's proposed brief mirrors the LAPs' new argument concerning the scope and effect of appellate review in Ecuador.  For the first time on appeal, the

LAPs claim that the Ecuadorian appellate court's "*de novo*" review makes Defendants' fraud and bribery irrelevant, because the appellate court supposedly examined the entire record and came to the same conclusions about Chevron's $9.2 billion liability, while "severing" Chevron's fraud and bribery allegations. But all Defendants waived this argument by not making it below. Thus, Janda cannot now support that waived argument as *amicus* on appeal.

Amazon Watch argues that the district court's judgment offends First Amendment principles and the related protections of the *Noerr-Pennington* doctrine and litigation privilege. Yet, in their combined 49,021 words of briefing, neither of the Defendants has challenged those issues on appeal.

Accordingly, the proposed *amicus* briefs fail to provide any insight into the issues that are properly before this Court on appeal, and they will not be helpful in ruling on the merits of this appeal. The Court should therefore deny these motions.

## ARGUMENT

I. **Having Failed to Appeal the Denial of Intervention, the Huaorani Cannot Now Challenge the District Court's Remedy**

In addition to echoing Defendants' arguments about "judicial estoppel," the Huaorani also seek to inject two brand-new issues into this appeal: (1) the district court's remedy erroneously failed to consider and provide for the Huaorani's interests by including a "carve-out" for them in the constructive trust, and (2) this Court should order, in the alternative, that the district court itself administer the proceeds

of the fraudulent $9.5 billion Ecuadorian judgment. *See generally* Dkt. 106-2.

These arguments far exceed the scope of what the Huaorani are permitted to do as

*amicus curiae*.

As the Huaorani acknowledge, they sought intervention below in November

2012, and the district court denied their motion on January 14, 2013. Dkt. 106-2 at

3–4. The denial of intervention was a final, appealable order. *See*, *e.g.*, *Bridgeport*

*Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) ("We have jurisdic-

tion to review the order denying the motion to intervene pursuant to 28 U.S.C.

§ 1291 because a district court's order denying intervention is a final order." (alter-

ations and quotation marks omitted)); *MasterCard Int'l Inc. v. Visa Int'l Serv.*

*Ass'n, Inc.*, 471 F.3d 377, 384 (2d Cir. 2006). But the Huaorani failed to appeal

from the denial of intervention; instead, they filed a separate state court action. *See*

Dkt. 106-2 at 4. As a result of the Huaorani's tactical choice not to appeal, howev-

er, they waived the ability to claim error in the district court's denial of interven-

tion. *See United States v. City of Oakland*, 958 F.2d 300, 302 (9th Cir. 1992)

(dismissing attempt to appeal final judgment by non-parties who had been denied

intervention below but failed to appeal that order).

They also are limited here in the same way as other proposed *amici*—

namely, the Huaorani cannot raise new issues or request relief beyond that which

the district court ordered or the parties have sought on appeal. As the Supreme

Court has explained: "The stated desires of *amici* concerning the outcome of this or any litigation . . . are not evidence in the case [] and do not influence our decision; we examine an *amicus curiae* brief solely for whatever aid it provides in analyzing the legal questions before us." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 n.16, 104 S. Ct. 774, 785 (1984); *see also Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 105 n.10 (2d Cir. 2010) (declining to consider an argument raised by *amici* but abandoned by a party, and noting that an *amicus* brief "is normally not a method for injecting new issues into an appeal").

Accordingly, the Huaorani's motion should be denied to the extent they improperly seek to expand the issues on appeal by challenging the district court's remedy and requesting that this Court order a different one. *See also Lemon v. Kurtzman*, 411 U.S. 192, 200, 93 S. Ct. 1463, 1469 (1973) ("In shaping equity decrees, the trial court is vested with broad discretionary power; appellate review is correspondingly narrow.").

## II.    Janda Improperly Seeks to Raise New Issues Concerning the Nature of Appellate Review in Ecuador, Which the Parties Have Waived

Janda's proposed *amicus* brief focuses on "the differences between Common Law and Civil Law appellate procedure," viewed through the lens of McGill University's "pedagogical approach to the teaching and understanding of the law," and its "trans-systemic and comparative approach" to the subject. Dkt. 118 at 2. Specifically, Janda's proposed brief purports to explain the right, and nature, of appel-

4

late review in Ecuador.  *See generally* Dkt. 119.

At no point before the district court did any party argue, as Janda attempts to do now, that the nature of appellate review in Ecuador was such that a party could ghostwrite the report of a court-appointed expert, and bribe the judge to sign a decision drafted by that party, and yet none of this misconduct matters because the appellate court supposedly "inquire[d] for itself into the factual record" and examined all of the underlying environmental evidence—such that the appellate court's decision on Chevron's environmental liability here "*replaces* the original judgment."  Dkt. 119 at 4 (emphasis added); *see also id*. at 17 (arguing that in Ecuador, "[t]here is no need for the appellate tribunal to inquire into alleged procedural fraud at trial . . . since the appeal court finds facts for itself").  To the contrary, in Donziger's post-trial briefing, he argued that the Ecuadorian appellate court considered and rejected Chevron's fraud and bribery allegations—not the underlying environmental evidence.  No. 11-cv-00691 (S.D.N.Y.), Dkt. 1850 at 27.  Likewise, the LAPs' post-trial briefing argued that "Chevron placed its 'fraud' allegations thoroughly before the Ecuadorian courts.  They rendered and upheld the Judgment in spite of those allegations."  *Id*., Dkt. 1858 at 10 n.4.[1]

---

[1]  In its decision, the district court addressed the arguments the parties had actually made and the evidence they actually offered.  *See Donziger*, 974 F. Supp. 2d at 606–07 (finding that (a) "the appellate court expressly declined to examine Chevron's allegations of fraud and corruption"; (b) the appellate court "de-

Now, for the first time on appeal, the LAPs (and to some extent Donziger) shift gears and attempt to claim that the Ecuadorian appellate court "engage[d] in a *de novo* 'retrial by rereading' of the evidence in the massive trial record." Dkt. 38 at 21. Put differently, rather than claiming that the appellate court rejected Chevron's fraud charges, Defendants now argue that the appellate court "bifurcated" the merits of the LAPs' claims from the question of their fraud, and then cleansed the judgment through a *de novo* review of the entire factual record.

The parties have waived this new argument about the nature and consequences of appellate review in Ecuador by never raising it below. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). And "amici may not make up for waiver by a party." *Family Winemakers of Cal. v. Jenkins*, 592 F.3d 1, 17 n.23 (1st Cir. 2010); *accord Christopher M. v. Corpus Christi Ind. Sch. Dist*., 933 F.2d 1285, 1292 (5th Cir. 1991). Accordingly, Janda's proposed brief would not be helpful to the Court because it does not address any issue relevant to this appeal.[2]

---

clined to address the fundamental implication of the overlap between the Judgment and the LAPs' unfiled work product—that the LAPs had written, or at least assisted Zambrano in writing, the Judgment"); and (c) "It bears mention also that it would have been impossible for any court to have conducted a *de novo* review of the 188-page Judgment and the trial record in the time the appellate court rendered its decision.").

[2]  Janda's motion was also untimely. Federal Rule of Appellate Procedure 29(e) states that "An amicus curiae must file its brief, accompanied by a motion for

## III.    Amazon Watch Improperly Seeks to Raise Irrelevant First Amendment and Related Challenges

Amazon Watch proposes to argue that the district court's opinion runs afoul of the First Amendment and related doctrines such as *Noerr-Pennington* and the litigation privilege.  *See generally* Dkt. 110.[3]  In particular, Amazon Watch contends that many of the activities engaged in by Donziger and others were immunized or otherwise protected, and thus should not have been the basis of RICO liability.  The district court's opinion addressed and properly rejected these same arguments.  *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 580–81 (S.D.N.Y. 2014); *see also Illinois v. Telemarketing Assocs.*, 538 U.S. 600, 612, 123 S. Ct. 1829, 1836 (2003) ("[T]he First Amendment does not shield fraud."); *United*

---

filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."  Here, the LAPs filed their principal brief on July 1, 2014, and Janda filed his motion to file the amicus brief "in support of appellants" eight days later, on July 9, 2014.  Janda's brief is therefore untimely because it expressly supports the LAPs.  While Janda may argue that he supports Donziger exclusively, because Donziger did not file his principal brief until July 2, that is not plausible given that Janda's brief does not even mention Donziger (except for the caption and in the citation to the district court's opinion).

[3]  Included in Amazon Watch's filing are Amnesty International, 350 Bay Area, Center for Environmental Health, CT Citizen Action Group, Food and Water Watch, Friends of the Earth, Global Exchange, The Global Initiative for Economic, Social and Cultural Rights, Greenaction for Health and Environmental Justice, The International Accountability Project, Justice In Nigeria Now!, Marin Interfaith Task Force on the Americas, Media Alliance, Pachamama Alliance, Rainforest Action Network, Rights Action, and Sunflower Alliance (collectively, "Amazon Watch").

*States v. Boyd*, 231 F. App'x 314, 316 (5th Cir. 2007) ("The First Amendment does not protect extortion.").

On appeal, however, Defendants made the strategic decision not to challenge the district court's rulings on the First Amendment, *Noerr-Pennington*, or the litigation privilege. The LAPs' brief mentions the "First Amendment" only once, in passing, in a parenthetical giving an example of the proper standard of review for certain constitutional claims. *See* Dkt. 83 at 27 n.24. The LAPs raise no actual First Amendment arguments with respect to the judgment on appeal, and do not mention *Noerr-Pennington* or the litigation privilege.

As for Donziger, he raises four issues on appeal: (1) whether the district court properly found that Chevron had Article III standing to bring this case and obtain relief, (2) whether the judgment offends principles of international comity, (3) whether the district court properly rejected Defendants' judicial estoppel arguments, and (4) whether the district court should have rejected Chevron's RICO claim based on a lack of injury or causation. Dkt. 101 at 4. He does not mention *Noerr-Pennington* or the litigation privilege. And he references the "First Amendment" in only a single sentence in his 28,857 word brief. *Id*. at 110.

Specifically, in a section of his brief entitled "Chevron has no cause of action under RICO," Donziger begins with the subsection "The relief granted by the district court pushes RICO's already strained language beyond the breaking point."

8

*Id.* at 109.  In that subsection, Donziger argues that RICO has been applied too broadly, and suggests without argument or explanation that the district court improperly applied the RICO statute to his various acts of wire fraud, obstruction of justice, witness tampering, extortion, and violations of the Foreign Corrupt Practices Act through bribing a foreign official.  *See id.* at 109–11.  In the second paragraph of that subsection, Donziger argues:

> None of this is "extortion;" it is an exercise in the freedom to speak and to petition government of the sort the First Amendment is designed to protect.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 932 (9th Cir. 2006) (holding that litigation-related conduct was protected petitioning under the First Amendment and thus immune from RICO liability).

*Id.* at 110.  That's it.

But a single, stray reference to the "First Amendment" in Donziger's oversized brief does not mean that Donziger is raising a First Amendment challenge on appeal.  To the contrary, the point of this subsection was to suggest that the district court had improperly expanded RICO, in an effort to set up the substantive arguments that followed in Donziger's brief:  namely, that the district court misapplied RICO's injury and causation requirements, and that the court had improperly granted equitable relief.  *See id.* at 111–17.  Donziger is not challenging the judgment on First Amendment grounds.

"Merely mentioning or simply stating an issue in an appellate brief is insufficient to preserve it for [the court's] review:  an appellant must advance an argu-

9

ment, and [the court] generally will decline to consider issues that are not suffi-ciently argued." *Niagara Mohawk Power Corp. v. Hudson River-Black River Reg-ulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012) (internal quotation marks omitted) (finding "cursory, conclusory references" to arguments were not sufficient to raise issue for appellate review). This Court has noted that an appellant who devoted only a "single sentence" with citation to a "single case"—as Donziger did here here—did not preserve an argument on appeal. *Tolbert v. Queens Coll.*, 242 F.3d 58, 76 (2d Cir. 2001); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (concluding that an argument "found [in] only one sen-tence" in "ten-page brief" failed to adequately raise argument for appeal).

Thus, no appellant argues that the judgment should be reversed on the basis of the First Amendment, *Noerr-Pennington*, or the litigation privilege, and there-fore Amazon Watch's proposed *amicus* brief raises no issues that are "relevant to the disposition of the case." Fed. R. App. P. 29(b); *see Corley*, 273 F.3d at 444–45. Amazon Watch is not a party to this appeal,[4] and it is well settled that *amici* may not raise issues on appeal that have been abandoned by the parties or never

---

[4] Although Amazon Watch itself was named as a co-conspirator in Chevron's complaint and, as the district court found, was heavily involved in Defendants' wrongful acts, *see Donzige*r, 974 F. Supp. 2d at 404, it was not a named de-fendant in the litigation below. Nor is it named in or bound by the district court's injunction to the extent it is not working in concert with Defendants, *see* No. 11-cv-00691 (S.D.N.Y.), Dkt. 1875.

raised below.  *See*, *e.g.*, *Bano v. Union Carbide Corp.*, 273 F.3d 120, 127 n.5 (2d Cir. 2001) ("'In ordinary circumstances, an *amicus* will not be permitted to raise issues not argued by the parties.'" (quoting 16A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3975.1 (3d ed. 1999))); *see also Olmstead v. Pruco Life Ins. Co.*, 283 F.3d 429, 436 n.5 (2d Cir. 2002) (noting that "an issue raised only by an *amicus* curiae is normally not considered on appeal").

Further, the fact that the parties raised these issues below does not permit an *amicus* to expand the scope of appeal beyond the issues challenged by the parties in their appellate briefing.  *See Riverkeeper, Inc. v. Collins*, 359 F.3d 156, 163 n.8 (2d Cir. 2004) ("The Attorney General of Connecticut submitted a brief *amicus curiae* in support of [appellant's] position. . . .  Although [appellant] made similar arguments [before the agency below], it has not pursued them on appeal.  We therefore do not consider them now."); *see also Zango Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("An *amicus curiae* generally cannot raise new arguments on appeal, and arguments not raised by a party in an opening brief are waived." (citation omitted)).

Moreover, Amazon Watch's proposed *amicus* brief is a perfect example of *why* courts do not consider issues argued only by *amici*—it presents its arguments in an abstract vacuum, failing to acknowledge (let alone refute) the mounds of virtually unchallenged evidence supporting the district court's numerous findings of

11

Defendants' misconduct.  No appellant could possibly get away with such a "challenge," especially in view of the district court's lengthy written decision, which followed a seven-week trial and is based on an extensive, detailed review of the record.[5]  As the district court's 484-page opinion *finding Defendants liable* makes clear, this litigation is a far cry from a meritless SLAPP suit brought to "retaliate for First Amendment activity."  Dkt. 110 at *59.[6]  Amazon Watch ignores the fact that the district court found Defendants liable for acts of racketeering that included, among other things, bribing and threatening judicial officials, *see Donziger*, 974 F. Supp. 2d at 581; spurring baseless criminal proceedings to gain a litigation advantage, *see id.* at 586; ghostwriting supposedly "independent" expert reports and then touting the expert's "independence" to the public and to U.S. government of-

---

[5]  Amazon Watch misstates one of the few factual findings it discusses.  It is far from "undisputed" that "there was environmental damage caused by Chevron-Texaco's operations in Ecuador, and that the indigenous Ecuadorian plaintiffs have suffered health and other injuries."  Dkt. 110 at *56.  Although the environmental evidence was not ultimately relevant to Chevron's claims in the litigation below and the district court assumed without deciding that there was pollution in Ecuador, *see Donziger*, 974 F. Supp. 2d at 385, Chevron vigorously disputed such allegations when Defendants made them, *see* No. 11-cv-00691 (S.D.N.Y.), Dkt. 1855 at *108–14, and continues to do so.

[6]  Because Amazon Watch filed its motion and attached its proposed brief as a single ECF docket entry, it would be potentially confusing to refer to the internal pagination in Amazon Watch's proposed brief.  Accordingly, the page number references to Amazon Watch's proposed brief shall begin with "*" and refer to the ECF-stamped page number on the top of the page.  All other page references to other cited documents shall refer to the internal pagination at the bottom of the page.

ficials, *see id.* at 589; and committing numerous acts of fraud, *see id.*[7]  These

wrongful and criminal acts are in no way the equivalent of civil rights "protests" or

"letter-writing."[8]

Indeed, Amazon Watch concedes that "fraud [and] extortion are [not] consti-

tutionally protected."  Dkt. 110 at *43.  And, in fact, the First Amendment does not

protect fraud, *see United States v. Alvarez*, 132 S. Ct. 2537, 2544 (2012), and

---

[7]  Amazon Watch does not attempt to show any error in the district court's judg-
ment granting equitable relief based on Defendants' ghostwriting the judgment.
Nor does Amazon Watch contend that money laundering, obstruction of justice,
witness tampering, or violations of the Travel Act—all conduct found by the
district court and underlying the judgment, *see Donziger*, 974 F. Supp. 2d at
591–99—are constitutionally protected acts.

[8]  Amazon Watch's claims that its "letter-writing" will be "severely chilled" (Dkt.
110 at 37) highlight the disregard for the facts that permeates its brief.  At least
with respect to the events underlying this appeal, Amazon Watch did not write
its own letters—Defendant Steven Donziger did.  The district court found:
"Although Amazon Watch's public materials did not bear Donziger's name,
Donziger himself drafted many Amazon Watch materials related to the Lago
Agrio litigation.  Donziger not only controlled the content of Amazon Watch
press releases pertaining to the litigation, he drafted also complaints that Ama-
zon Watch submitted to the SEC and memoranda to be sent to elected officials
regarding Chevron."  *Donziger*, 974 F. Supp. 2d at 405.  Moreover, Amazon
Watch allowed Donziger to use its name and letterhead to make false and mis-
leading statements to, among others, the Securities and Exchange Commission.
"Donziger in late 2005 drafted a letter that ultimately was sent by Amazon
Watch to the Securities and Exchange Commission. . . .  The letter promoted
[an expert's $6 billion remediation estimate] despite the fact that Donziger
knew when he wrote it that [the expert] had told him that it was wildly inaccu-
rate."  *Id*. at 408.  While he was ghostwriting letters for Amazon Watch,
Donziger was also raising "substantial funds," for the organization (*id*. at 402
n.138), something else Amazon Watch does not disclose here.

*Noerr-Pennington* does not apply to where a party has "corrupted" the proceedings with "brib[ery]", "threats, intimidation, coercion, or other unlawful acts." *Cable Telecom., Inc. v. TCI Cablevision, Inc.*, 800 F.2d 711, 722 (8th Cir. 1986); *Fed. Prescription Serv. Inc. v. Am. Pharm. Ass'n*, 663 F.2d 253, 263 & n.7 (D.C. Cir. 1981); *see also Cal. Motor Transp. v. Trucking Unlimited*, 404 U.S. 508, 513, 92 S. Ct. 609, 613 (1972) ("[A]ctions [that abuse judicial processes] cannot acquire immunity by seeking refuge under the umbrella of 'political expression.'").  But by ignoring Defendants' various acts of misconduct as found by the district court, without contesting any—much less all—of that court's factual findings with a detailed review of the record evidence—as an appellant would have to do—Amazon Watch's brief ducks the real issues of what Defendants actually did, and thus is not helpful in resolving this appeal.

In sum, the LAPs and Donziger strategically elected to not to press their First Amendment and related arguments on appeal, despite being given ample opportunity (and oversized briefing) to do so.  Amazon Watch cannot now pick up the torch to press arguments that the parties have abandoned.

## CONCLUSION

For these reasons, Chevron respectfully requests that the Court deny the Huaorani's, Janda's, and Amazon Watch's motions for permission to file *amicus* briefs.

Dated:  July 21, 2014                     Respectfully submitted,

New York, New York


_____

Theodore B. Olson
Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile:  212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile:  213.229.7520

*Attorneys for Chevron Corporation*