**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Theodore B. Olson
Direct: +1 202.955.8668
Fax: +1 202.530.9575
TOlson@gibsondunn.com

February 10, 2015

VIA ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:   *Chevron Corporation v. Donziger*, Nos. 14-826, 14-832

Dear Ms. Wolfe:

I write as counsel for Chevron Corporation in response to the FRAP 28(j) submission by the Lago Agrio Plaintiffs ("LAPs") regarding *Christeson v. Roper*, No. 14-6873, 574 U.S. __, 2015 WL 232187 (Jan. 20, 2015).

In *Christeson*, the petitioner's appointed counsel missed the filing deadline for a habeas petition. The petitioner later sought to reopen the proceedings, but his only ground was his counsel's "own malfeasance" in missing the deadline. *Id*. at *1. Because his counsel "could not be expected to file such a motion on Christeson's behalf," counsel faced a "significant conflict of interest," and the district court should have allowed the substitution of new counsel. *Id*.

The LAPs argue that *Christeson* somehow means the district court should have granted the motion by the Huaorani people (which the LAPs opposed) to intervene below, because co-defendant Steven Donziger supposedly had a conflict. But this reliance on *Christeson* is misplaced. For one thing, Donziger did not represent the LAPs in the court below—the Smyser Kaplan firm and Gomez LLC did. And unlike the petitioner in *Christeson*, the LAPs fail to identify any particular argument that Donziger or the LAPs should have made to advance the Huaorani's interests, but failed to make because of a supposed conflict.

Moreover, a lawyer-client conflict is not analogous to the "adequacy of representation" inquiry under Rule 24(a)(2) for intervention purposes. As the district court found, the Huaorani's interests were "entirely aligned" with those of the defendants, namely, to "defend the essential validity of the [Ecuadorian] judgment." A517; *see also Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (adequate representation shown

GIBSON DUNN

Catherine O'Hagan Wolfe
February 10, 2015
Page 2

where would-be intervenor shares same "ultimate objective" as party in the litigation). Thus, the standard for "adequate representation" under Rule 24(a)(2) is qualitatively different from the question of whether a lawyer can properly represent a client. *See also Wash. Elec. Co-op, Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) ("a putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action").

Respectfully,

  /s/ *Theodore B. Olson*

Theodore B. Olson

TBO/hhl
cc: All counsel of record (via ECF)