# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Theodore B. Olson
Direct: +1 202.955.8668
Fax: +1 202.530.9575
TOlson@gibsondunn.com

February 20, 2015

VIA ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:    *Chevron Corporation v. Donziger*, Nos. 14-826, 14-832

Dear Ms. Wolfe:

I write as counsel for Chevron Corporation in response to the FRAP 28(j) submission by Steven Donziger regarding *Sykes v. Harris*, No. 13-27240-cv (2d Cir. Feb. 10, 2015). Dkt. 333-1.

This Court in *Sykes* confirmed that, contrary to suggestions by Donziger (*e.g.*, Dkt. 150 at 117–18), it "ha[s] yet to address whether RICO allows for private injunctive relief." Slip op. at 66 n.7.

*Sykes* also illustrates that the application of RICO to Donziger's scheme does not extend the statute "to the point of absurdity," as Donziger contends. Dkt. 150 at 111. The defendants in *Sykes* were alleged to have engaged in a scheme to obtain fraudulent default judgments in debt-collection actions. This Court held that "[f]alse affidavits" of service filed in court would "provide an independent basis for [RICO] liability" premised on wire and mail fraud. Slip op. at 34. Those allegations, deemed sufficient in *Sykes*, pale in comparison to what Donziger has been adjudicated to have done here following a seven-week trial on the merits—in addition to bribing court officers, he orchestrated the filing of the "highly misleading" Fajardo Declaration in seventeen U.S. legal proceedings, to delay discovery of his misconduct. *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 462 (S.D.N.Y. 2014).

Finally, while Donziger is correct that *Sykes* "touched on RICO's injury and causation requirements" (Dkt. 333-1 at 1), the existence of those requirements is not in dispute here. In his principal brief, Donziger argued that the district court "did not find that Chevron satisfied" these requirements. Dkt. 150 at 113. But as Chevron has already pointed out, Chevron submitted abundant, largely unrebutted evidence of injury and causation, and the

**GIBSON DUNN**

Catherine O'Hagan Wolfe
February 20, 2015
Page 2

district court made detailed findings in that respect—all of which Donziger continues to ignore. *See* Dkt. 253 at 77–79.

Respectfully,

  /s/ *Theodore B. Olson*

Theodore B. Olson

TBO/hhl
cc: All counsel of record (via ECF)